**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50181 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-03844-LAB-1 |
| v. | |
| JORGE RUSSELL-GUERRERO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted July 10, 2013[**]
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Defendant Jorge Russell-Guerrero appeals the district court's entry of

criminal judgment against him.  We affirm.

1.  The district court did not abuse its discretion in admitting the expert

testimony of a special agent with the Department of Homeland Security.

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

See United States v. Hayat, 710 F.3d 875, 900 (9th Cir. 2013) ("We review for abuse of discretion a district court's decision to admit or exclude expert testimony."). The government provided adequate notice of its intention to call the agent to testify about unknowing couriers. Because the government charged Defendant with conspiracy and because Defendant claimed that he had no knowledge of the drugs, the district court did not abuse its discretion under Federal Rule of Evidence 403 by admitting the testimony. United States v. Sepulveda-Barraza, 645 F.3d 1066, 1072–73 (9th Cir. 2011). Nor did the district court abuse its discretion under Federal Rule of Evidence 704. United States v. Murillo, 255 F.3d 1169, 1178 (9th Cir. 2001), overruled on other grounds as recognized by United States v. Mendez, 476 F.3d 1077, 1080 (9th Cir. 2007). Finally, the district court did not abuse its discretion by excluding questions pertaining to hearsay, and those exclusions did not violate Federal Rule of Evidence 703 or the Confrontation Clause.

2. The district court neither abused its discretion nor committed plain error by denying the motion for a new trial.

**AFFIRMED.**